E. H. CROUCH *v.* C. G. CROUSE, *Administratrix, et al.*

(No. 7374)

Submitted March 7, 1933.   Decided April 4, 1933.

(Rehearing denied June 8, 1933)

*Maxwell, Sayre & Bowers,* for appellant.
*John Q. Hutchinson* and *Clay S. Crouse,* for appellees.

KENNA, JUDGE:

This suit was brought in the circuit court of Raleigh County by E. H. Crouch, doing business as E. H. Crouch Lumber Company, against C. G. Crouse, administratrix of the estate of J. M. Crouse, deceased, and others, having for its object the subjecting of a one-half undivided interest in Lot 9, Mills Block, Wildwood Addition to the City of Beckley, allegedly owned by J. M. Crouse at the time of his death.   The bill prays that certain deeds made by the heirs at law of J. M. Crouse be set aside in so far as his creditors' claims are concerned.   The cause was referred to a special commissioner who took proof on the question of ownership, heard proof of claims,

and reported that J. M. Crouse died seized of the one-half interest described in the bill of complaint and set up the claims proven before him in their order of priority. The circuit court set aside the finding of the commissioner as to ownership, and, the one-half interest in the lot in question being the only real estate found by the commissioner to be owned by J. M. Crouse at the time of his death, dismissed the bill of complaint and assessed costs against plaintiff and the other creditors of J. M. Crouse who had proven their claims in the cause. From this decree, E. H. Crouch prosecutes this appeal.

On April 18, 1927, W. E. Davis, a son-in-law of J. M. Crouse, on the note of J. M. Crouse and C. G. Crouse endorsed by Clay S. Crouse, Betty Davis and himself, borrowed $2500.00 from National Exchange Bank of Beckley, and with $650.00 of that money purchased and paid for lot 9, Wildwood Addition to the City of Beckley, from W. C. Agee. The conveyance, however, was never made to Davis, but on May 13, 1927, W. C. Agee and wife conveyed the lot to J. M. Crouse and C. G. Crouse, his wife, the father-in-law and mother-in-law of Davis. On May 23, 1927, a trust deed was executed by J. M. Crouse and wife to secure National Exchange Bank of Beckley in the payment of a four-months note for $2500.00, signed by J. M. Crouse and C. G. Crouse, as makers, and by W. E. Davis, Betty Davis and Clay S. Crouse, as indorsers. These same persons appeared on this note in the same manner that they appeared upon the note of April 18, 1927, also given to National Exchange Bank of Beckley. On May 25, 1927, W. E. Davis was adjudicated a bankrupt. He had not listed in his schedule, as an asset, any interest in the lot in question and had only listed the liability of $2500.00 as accommodation indorser on one of the notes held by the National Exchange Bank. The record does not make it clear which note this is. In June, 1927, W. E. Davis completed a house on the lot. The record shows a number of invoices and checks establishing that he bought and paid for a large part of the material that went into this house, some of it from the plaintiff himself. In the fall of 1928, after going to the records in the county clerk's office and finding that one-half interest in the lot in question was vested in J. M. Crouse, the plaintiff sold him a bill of lumber amounting in the aggregate to $285.02. J. M.

Crouse died March 6, 1929, leaving his widow, C. G. Crouse, and six surviving children. After his death, the widow and children all executed deeds to W. E. Davis and Betty Davis, his wife, and still later, W. E. Davis and Betty Davis conveyed the property to a trustee to secure a note signed by them, payable to C. G. Crouse, widow of J. M. Crouse. It is these deeds and this trust deed that the bill attacks.

Answer to the bill of complaint was filed by C. G. Crouse in her individual capacity and as administratrix, Dempsey Crouse, Vaughtie Collison, Russel Collison, Betty Davis, W. E. Davis, C. S. Crouse, Frances Crouse, Dixie Bryson, A. F. Bryson, Ennis McAtee, Howard McAtee, C. O. Dunn, trustee, National Exchange Bank and D. D. Ashworth, trustee, in which they deny that these deeds were voluntary or made to hinder, delay and defraud creditors, and aver that J. M. Crouse in his lifetime had sold the real estate to the defendants, W. E. Davis and Betty Davis, and agreed to convey it to them when requested. The proof does not bear out this averment, and, instead, Davis relies upon the original purchase from Agee as having been made by him and with his funds.

. The plaintiff's bill is drawn on the theory that the deed was made to J. M. Crouse and C. G. Crouse, his wife; that before selling his merchandise to Crouse, plaintiff went to the public records and there found that Crouse was the owner of a one-half interest in the lot in question; that he had a right to and did extend credit to him in view of that fact; that if Davis stood by with the public records in that shape and permitted Crouse to thus hold himself out as an owner of one-half of the lot that he is now estopped to assert the contrary; and that, since the one-half interest must be treated as vested in J. M. Crouse at the time of his death, his personal estate being insufficient, it can be subjected to the statutory liens of his creditors. Davis, on the other hand, relies upon the proof that he paid the consideration for the lot; that title was taken in the name of Crouse for him; that he built a house on the lot with his own funds, which he has since occupied.

Although there are certain salient differences in the facts, we believe that this case should be decided under the principles laid down by this court in *Greer* v. *Mitchell*, 42 W. Va. 494, 26 S. E. 302, 307, which was referred to with approval in

*Bank* v. *Gould*, 48 W. Va. 99, 101, 35. S. E. 878. In that case, Francis A. Fortney and wife, on the first day of March, 1872, conveyed a tract of land to Isaiah K. Fortney. The consideration was a cash payment of $250.00. Judgments were rendered and properly docketed against Isaiah K. Fortney. The understanding between the grantor and the grantee was that the land belonged to the grantor. The grantee became troubled at the judgments being docketed against him, and called the grantor's attention to the complications which were arising. On July 22, 1893, a reconveyance of the land to Francis A. Fortney was made, and this court, in stating the reason for holding that the land was subject to the liens of the judgments rendered against Isaiah K. Fortney during the time that he held the title, after referring to the 21 years in which that had been so, stated: "And during all that time, said deed stood recorded in the county court clerk's office of Preston County, giving notice to the world that that land was the property of Isaiah K. Fortney, and an interested party searching the records of Preston County would have been thus informed. And this fact, no doubt, induced Thompson & Jackson and Harper, Davis & Bailey to docket their judgments in said county, and may have had an influence in extending the credit of said firms to Mitchell & Co., of which firm said Isaiah K. Fortney was a member." And, again: "By allowing the records of Preston County for this great length of time to give notice to the world that Isaiah K. Fortney is the owner of said land, we must presume that these judgment creditors of Isaiah K. Fortney extended him credit, or were influenced to do so, upon the fact that this land was in his name on the records of said county, under the circumstances, the said S. A. Fortney is estopped as to these creditors, who, by extending credit to Isaiah K. Fortney, placed themselves in a condition different from what they would otherwise have been, from denying that said tract of land, at the time said credit was extended, and the said judgments obtained and docketed, was the property of said Isaiah K. Fortney." In this case, the grantor and grantee in the deeds were brothers.

We, of course, recognize dissimilarity between this case and that. Here, Davis had constructed a house upon the lot in question. He had bought at least a part of this material in his

name from these very plaintiffs. It is to be remembered, however, that the legal title, at least in the lot, was vested in his father-in-law and mother-in-law. It is to be remembered also that after the Crouses had taken title in their names and before the credit was extended by the plaintiff, Davis had gone through bankruptcy and in his schedule had made one very significant statement and one very significant omission. In the first place, he had listed his liability upon the note from which the purchase money arose as being that only of an accomodation indorser. In the second place, he had failed to list any interest whatever in either the house or lot as an asset. Improvements follow the land. There would be no presumption, against the public records, that the person placing improvements upon land was the fee owner. The presumption would be the other way, that the improvements would become the property of him who owned the land. There is the further circumstances that after the deeds conveying title to Davis were made, subsequent to the death of J. M. Crouse, a trust deed was made by him to secure the widow of J. M. Crouse. In *Greer* v. *Mitchell, supra,* there was no direct dependence upon the public record. Here, an examination of the record was made before credit was extended.

While we recognize the general rule that occupancy alone is notice sufficient to provoke inquiry as to the muniment of title under which the occupier holds, we know of no rule which would require inquiry concerning a verbal trust from the mere fact of occupancy.

For the reasons stated, we are disposed to hold that the trial chancellor erred in not granting the relief prayed for in the bill of complaint, and in not setting aside the deeds made subsequent to the death of J. M. Crouse in so far as they affect the one-half undivided interest in Lot 9, Mills Block of the Wildwood Addition to the City of Beckley of which, under the principles herein laid down, he died seized and possessed.

The decree is reversed and the cause remanded for decree as herein indicated.

*Reversed and remanded.*